IN THE SUPREME COURT OF THE STATE OF DELAWARE

ALBERT LAW,                          §
                                     §
   Defendant Below,                  §  No. 557, 2017
   Appellant,                        §
                                     §  Court Below—Superior Court
   v.                                §  of the State of Delaware
                                     §
STATE OF DELAWARE,                   §  Cr. ID No. 0412009863 (N)
                                     §
   Plaintiff Below,                  §
   Appellee.                         §

Submitted:   January 31, 2018
Decided:     February 23, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **ORDER**

This 23rd day of February 2018, upon consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)    On December 21, 2017, the appellant, Alberto Law, filed a notice of appeal from a Superior Court order, dated November 13, 2017 and docketed on November 15, 2017, denying Law's motion for postconviction relief under Superior Court Criminal Rule 61 and granting his postconviction counsel's motion to withdraw. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before December 15, 2017. The Senior Court Clerk issued a notice directing Law to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2) In his response to the notice to show cause, Law states that, on November 17, 2017, he received a letter, dated November 14, 2017, from the Office of Conflicts Counsel informing him that his postconviction matter had been assigned to new postconviction counsel ("Postconviction Counsel"). On November 19, 2017, Law received the Superior Court's order denying his motion for postconviction relief and granting his former postconviction counsel's motion to withdraw. Law claims he contacted the office of Postconviction Counsel and a secretary informed him that Postconviction Counsel would review his matter and file a notice of appeal.

(3) As the appeal deadline approached, Law contacted Postconviction Counsel's office again, but did not receive an answer. Law then filed the notice of appeal. Law also states that the prison mailroom has been short-staffed, leading to delays in incoming and outgoing mail, and that access to the law library has been limited since February 2017.

(4) Postconviction Counsel states that after he received the Superior Court order denying Law's motion for postconviction relief and granting former postconviction counsel's motion to withdraw, he sent a letter to Law on November 18, 2017 with the Superior Court order. Under Supreme Court Rule 26(a) and Superior Court Criminal Rule 61(e), Postconviction Counsel informed Law of the Superior Court ruling, advised him of his right to appeal and the rules for timely filing a notice of appeal, and notified him that he had the burden of filing a notice of

2

appeal. Postconviction Counsel confirms that Law called his office on or about November 21, 2017 and spoke with a staff member. The staff member's notes of the call do not reflect that a notice of appeal or the November 18, 2017 letter were discussed. As to the second reported call, Law did not leave a voicemail. Postconviction Counsel asks the Court to accept Law's appeal in light of the change in counsel and possible delay in the delivery of the November 18, 2017 letter.

(5) The State initially notes that court personnel are not responsible for any delay in the filing of Law's notice of appeal. The State also avers that Department of Correction mail records show that Law received no legal mail between November 15, 2017 and December 14, 2017, suggesting that he never received Postconviction Counsel's November 18, 2017 letter. Department of Correction call records show Law spoke to someone at Postconviction Counsel's office on November 21, 2017. Due to the combination of the timing of Postconviction Counsel's appointment and the apparent delay or non-delivery of the November 18, 2017 letter, the State suggests remand of this matter to the Superior Court with instructions to re-issue the November 13, 2017 order. This will give Law the opportunity to pursue a timely appeal.

(6) We agree that the proper course of action is to remand this matter to the Superior Court. Upon remand, the Superior Court should reissue its order denying Law's motion for postconviction relief so Law can file a timely notice of appeal.

NOW, THEREFORE, IT IS ORDERED that the within matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice